```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

MELISSA NORDSTROM,                 :
        Plaintiff,                 :
V.                                 :   CASE NO. 3:09-CV-771 (RNC)
GAB ROBINS NORTH AMERICA, INC.,    :
        Defendant.                 :
```

RULING AND ORDER

Plaintiff brings this diversity case seeking damages for negligent and intentional infliction of emotional distress. Defendant has moved for summary judgment on the grounds that (1) diversity jurisdiction is lacking, (2) the claims in the complaint are barred by the exclusivity provision of Connecticut's Workers' Compensation Act ("CWCA"), Conn. Gen. Stat. § 31-284(a), and (3) plaintiff lacks admissible evidence of medical treatment to support her claim for intentional infliction of emotional distress. For reasons that follow, the motion for summary judgment is denied.[1]

I. Legal Standard

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To avoid

---

[1] Defendant's motion for summary judgment does not challenge plaintiff's ability to prove the elements of her claim for negligent infliction of emotional distress and, accordingly, that claim is not addressed in this ruling.

1

summary judgment, the plaintiff must point to evidence that would permit a jury to return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

II.  Facts

The record, viewed most favorably to the plaintiff, shows the following.  Frederick Nordstrom, an employee of the Connecticut Department of Correction ("DOC"), injured his back in the course of his employment on September 28, 2006, and filed a claim for workers' compensation with the State of Connecticut Workers' Compensation Commission.  His claim is administered by defendant GAB Robins North America, Inc. under a contract with the DOC.  Defendant has contested the claim and conducted an investigation, which has included surveillance of the claimant and his family.

Plaintiff is married to Mr. Nordstrom.  Starting in May 2008, defendant's agents followed, photographed and videotaped the plaintiff.  On one occasion, she was followed aggressively while driving with her daughter and grandfather.  Plaintiff describes this incident as a high speed chase, which reached speeds in excess of 80 miles per hour.  A few days later, plaintiff and her family left for a camping trip in Rhode Island. An agent of the defendant followed them to the campsite and took pictures of the group.  Over the next several months, defendant's personnel conducted surveillance of the plaintiff's home.  The

surveillance caused her emotional distress. She complained to her mental health counselor that being followed had caused her anxiety and she was prescribed medication.

III. Legal Analysis

  A. The Court Has Diversity Jurisdiction

District courts have jurisdiction of actions under state law between citizens of different states provided the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Under the test of corporate citizenship set forth in the governing statute, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

It is undisputed that the plaintiff is a citizen of Connecticut. The complaint alleges that the defendant is a Delaware corporation with its principal place of business in New Jersey. Defendant has neither admitted nor denied these allegations. Instead, it argues that it should be deemed a citizen of Connecticut for purposes of diversity jurisdiction on the ground that, in investigating Mr. Nordstom's compensation claim, it stands in the shoes of the DOC.[2]

---

[2] The defendant's argument is premised on the definition of "employer" in Connecticut's Workers' Compensation Act ("CWCA"), Conn. Gen. Stat. § 31-275(10), which states in relevant part: "'Employer' means any person, corporation, limited liability company, firm, partnership, voluntary association, joint stock association, the state and any public corporation within the state using the services of one or more employees for pay, or the

Defendant's argument is unavailing. This Court has jurisdiction unless the defendant is a citizen of Connecticut under the diversity statute. Defendant's argument based on its relationship with the DOC implicitly concedes that it cannot be deemed a citizen of Connecticut under the diversity statute's test of corporate citizenship. I conclude, therefore, that the statutory requirements governing diversity jurisdiction are satisfied.

No authority has been cited by the defendant for the proposition that when the statutory requirements for diversity jurisdiction are met, diversity jurisdiction may yet be lacking. Moreover, defendant's argument erroneously assumes that the DOC is a citizen of Connecticut under the diversity statute. The DOC is an arm of the state. See Alter and Associates v. Lantz, 90 Conn. App. 15 (2005)(sovereign immunity barred action against DOC); see also Paragon Construction Co. v. Department of Public Works, 130 Conn. App. 211, 225 (2011). As such, it is not a citizen of the state for purposes of diversity jurisdiction. See Moor v. County of Alameda, 411 U.S. 693, 717-21 (listing factors to consider in determining whether a state agency is an arm of the state, and thus not a citizen, or an independent entity).

---

legal representative of any such employer . . . ." Defendant contends that it is the "legal representative" of the DOC.

B. <u>Workers' Compensation Exclusivity Has Not Been Established</u>

The CWCA's exclusivity provision protects employers from liability for damages "on account of personal injury sustained by an employee arising out of and in the course of employment." Conn. Gen. Stat. § 31-284(a).  Defendant's argument that plaintiff's claim is covered by the exclusivity provision relies primarily on two cases: <u>DeOliveira v. Liberty Mutual Insurance Co.</u>, 273 Conn. 487 (2005), and <u>Almada v. Wausau Business Insurance Co.</u>, 274 Conn. 449 (2005).  Both are clearly distinguishable.

In <u>DeOliveira</u>, the Connecticut Supreme Court held that the exclusivity provision applied to a claim that benefit payments were delayed in bad faith.  Treating the issue as one of statutory interpretation, the Court looked for evidence that the legislature intended such claims to be handled by the Commission. The Court observed that General Statutes 31-278, 31-288(b), 31-300 and 31-303 authorize the Commissioner to provide financial remedies to reimburse an employee for costs associated with unwarranted delay in receipt of compensation payments.  273 Conn. at 497.  The presence of these administrative remedies in the statute was viewed as strong evidence that the legislature intended them to provide the exclusive remedy available to the plaintiff.  <u>Id.</u> at 499.

In <u>Almada</u>, the plaintiff was receiving workers' compensation

benefits as a dependent of her deceased husband.  She brought a claim for negligent infliction of emotional distress against the workers' compensation carrier based on its failure to add cost-of-living adjustments to her benefits.  The Court applied DeOliveira and concluded that the claim was barred by the exclusivity provision.

Both DeOliveira and Almada involved allegations of wrongdoing in the workers' compensation payment process, for which remedies are provided in the CWCA.  The defendant identifies no provision of the CWCA that provides an administrative penalty for surveillance resulting in emotional distress.  In the absence of such a statutory provision, it is difficult to conclude that the legislature intended the Commission to have exclusive jurisdiction over the plaintiff's claim.  It could be argued that the Commission should have jurisdiction because the alleged injury grew out of a compensation claim.  But neither DeOliveira or Almada goes that far and it seems unlikely the Connecticut Supreme Court would construe the CWCA in such a sweeping manner.  See 6 Larson's Workers' Compensation Law, § 104.059[2] at 104-27 (2011)("Plainly the existence of a compensation claim does not give insurers or employers a blanket exemption from the entire law of tort.").

Even assuming the Commission has jurisdiction over a spouse's claim for emotional distress stemming from an employer's

investigative activity, plaintiff disputes that the surveillance at issue was part of the investigation of her husband's compensation claim.  According to the plaintiff, she was subjected to harassment independent of the investigation of her husband.  The defendant responds that any surveillance of the plaintiff was incidental to attempted surveillance of her husband.  But the defendant has not carried its burden of demonstrating that a jury would have to resolve this factual issue in its favor.[3]

C.  Plaintiff Has Evidence of Medical Treatment

The defendant argues that plaintiff cannot prevail on her claim for intentional infliction of emotional distress because she has not presented medical evidence and has no medical expenses caused by the defendant's alleged misconduct.[4]  Under Connecticut law, intentional infliction of emotional distress has four elements: (1) the actor intended to inflict emotional distress or knew or should have known emotional distress was a likely result of his conduct; (2) the conduct was extreme and

---

[3] The existence of this factual dispute makes the case unsuitable for certification to the Connecticut Supreme Court and the defendant's request for certification is therefore denied.

[4] In a previous motion to dismiss, the defendant argued that the plaintiff had not adequately pleaded the other elements of a claim for intentional infliction of emotional distress.  It does not renew those arguments here, instead addressing only the plaintiff's failure to provide medical evidence or evidence of medical expenses.

outrageous; (3) the conduct was the cause of the plaintiff's distress and (4) the emotional distress sustained by the plaintiff was severe.  Petyan v. Ellis, 200 Conn. 243, 253 (1986).  Only the fourth element has been placed in issue here.[5]

Emotional distress is "severe" when it is so extreme no reasonable person could be expected to endure it.  Almonte v. Coca-Cola Bottling Co. of N.Y., Inc., 959 F. Supp. 569 (D. Conn. 1997)(citing Mellaly v. Eastman Kodak, 597 A.2d 846, 848 (Conn. Super. Ct. 1991)).  It is not clear that failure to seek medical treatment precludes a finding of severity under Connecticut law.  Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 175 (D. Conn. 2003).  However, "merely alleging 'extreme emotional distress'" without supporting factual allegations is legally insufficient to support a claim of intentional infliction of emotional distress.  Bloom v. Town of Stratford, No. 3:05-CV-217 (PCD), 2006 WL 3388396, at *15 (D. Conn. Nov. 16, 2006)(citing Macdonald v.

---

[5] Defendant claims to challenge the third element as well but does not make any arguments about causation.  With regard to the other elements, a reasonable jury could find that the defendant was intentionally harassing the plaintiff in order to pressure her husband to abandon his workers' compensation claim.  Whether the conduct alleged is sufficiently outrageous is a close question given that the plaintiff was aware that her husband was being surveilled as part of his workers' compensation claim.  However, even legitimate surveillance can be conducted in such a way as to constitute outrageous conduct.  See Bosco v. MacDonald, No. 094078, 1995 WL 43763, at *2-3 (Conn. Super. Ct. Jan. 31, 1995).  To the degree that this conduct poses a close question, I need not decide it as it is not raised in the motion for summary judgment.

Howard, No. CV000176368S, 2000 WL 1687119, at *1 (Conn. Super. Ct. Oct. 17, 2000)). When a plaintiff's deposition testimony contains only conclusory statements of severe distress, and the plaintiff has not submitted evidence of medical treatment, courts have granted summary judgment in the defendant's favor. See, e.g., Reed v. Signode Corp., 652 F. Supp. 129, 137 (D. Conn. 1986)(plaintiff's testimony that defendant's actions were "distressing" and "implie[d] incompetence" was insufficient when plaintiff did not seek medical assistance.); Bloom, 2006 WL 3388396, at *15 (plaintiff's testimony that he was "severely injured and embarrassed" was insufficient.).

Plaintiff's allegations of severe distress are conclusory. She has testified that at various times during defendant's surveillance, she was "going crazy," Pl. Dep. at 63, was "a nervous wreck," Pl. Dep. at 82, and was "really worried about it." Pl. Dep. at 84. These expressions are substantially synonymous with "severely distressed." As such, they are insufficient to prove that the distress plaintiff claims to have suffered was severe.

Though plaintiff's deposition testimony is insufficient to support her claim, a jury could find that she did seek treatment for anxiety caused by defendant's surveillance. In her memorandum in opposition to defendant's motion for summary judgment, plaintiff cites deposition testimony by Alice Harding,

9

APRN, and Lois Panikoff, MSW.  These witnesses testified that in the spring of 2009, plaintiff complained of anxiety caused by being followed and was prescribed medication.  Dep. of Alice Harding at 16, 23-25; Dep. of Lois Panikoff at 27-29.

Defendant correctly points out that these visits occurred approximately one year after the "high speed chase" and around the time plaintiff began to prepare this lawsuit.  Defendant also notes that plaintiff had visited Lois Panikoff several times between the chase and the April 2009 visit, but had not mentioned being followed.  These facts bear on plaintiff's credibility, which is properly assessed by a jury.  They do not preclude a jury finding that plaintiff required medical treatment for her emotional distress.

Defendant contends that plaintiff cannot support her assertions with evidence from these depositions because she repeatedly stated in her pleadings that she had not sought medical treatment nor incurred medical expenses.  Plaintiff has indeed contradicted herself. Her complaint pleads, "the plaintiff has suffered severe emotional distress requiring medical attention," while her memorandum in opposition to defendant's motion to compel declares, "plaintiff has filed a damages analysis in which she specifically states that she has not received any treatment for her emotional distress and will not be offering any medical evidence regarding same."  However,

10

defendant cites no authority, and none has been found, permitting a court to ignore record evidence cited in opposition to summary judgment if the party citing the evidence previously stated in a pleading that it had no such evidence.  Precluding a party from relying on such evidence might well be appropriate to avoid undue prejudice.  But I see no undue prejudice to the defendant here.

III. Conclusion

Accordingly, the defendant's motion for summary judgment (doc. 103) is hereby denied.

So ordered this 31st day of March 2012.

                                   /s/ RNC
                              Robert N. Chatigny
                           United States District Judge